IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEONARD GORDON,           )
                          )
         Plaintiff,       )
                          )
vs.                       )    Case No. 17−cv−1227−MJR
                          )
HEWITT,                   )
HEWITT,                   )
SARAH JOHNSON, and        )
JOHN/JANE DOE             )
                          )
         Defendants.      )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Leonard Gordon, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Vandalia Correctional Center. Plaintiff requests damages and declarative relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that the Hewitts are a married couple that both work as guards at Vandalia Correctional Center. (Doc. 1, p. 2). On December 28, 2016, Mrs. Hewitt began taunting Plaintiff because of his facial tattoos and ultimately hit him in the mouth and choked him while John Doe #1 watched. (Doc. 1, pp. 2-3). Plaintiff filed a grievance regarding the alleged assault. (Doc. 1, p. 3). He also told family members, who reported the incident to prison administration, and complained to various prison officials regarding the assault and the grievance, which was subsequently misplaced. *Id*. Plaintiff alleges that as a result of his complaints, he was issued a retaliatory disciplinary report and submitted for a transfer. *Id*.

On February 24, 2017, Mr. Hewitt encountered Plaintiff and verbally berated him about filling grievances on Mrs. Hewitt. (Doc. 1, p. 4). Mr. Hewitt left and then returned with John Does #2-7. *Id*. Mr. Hewitt opened Plaintiff's cell, choked Plaintiff, and slammed his head into the wall. *Id*. John Does #2-7 then jumped in and began punching and kicking Plaintiff until he was unconscious. *Id*. When Plaintiff regained consciousness, Mr. Hewitt escorted him to the

laundry room where he slammed Plaintiff to the ground, put his knee on Plaintiff's neck, and punched him in the face. (Doc. 1, p. 5). One of the John Does rubbed a burning substance in Plaintiff's eyes. *Id*. Plaintiff was escorted to health care where John Doe #8, a nurse, told him that there was nothing wrong with him. *Id*. Plaintiff was taken to the hospital for treatment the next day. *Id.*

Plaintiff grieved this incident to Johnson, who never interviewed Plaintiff's witnesses and denied his grievances. *Id.* Plaintiff alleges that the grievance provided sufficient knowledge of the constitutional deprivation, and that Johnson failed to exercise her authority to act on it. (Doc. 1, pp. 6-7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Mrs. Hewitt and John Doe #1 violated Plaintiff's rights under the Eighth Amendment on December 28, 2016 when Mrs. Hewitt punched and choked Plaintiff for no reason and Doe #1 approved, condoned, or turned a blind eye to the behavior;
>
> **Count 2** – Mr. Hewitt, John Does #2-7, and Johnson violated Plaintiff's rights under the Eighth Amendment on February 24, 2017 when they beat him and otherwise used excessive force, and/or approved, condoned, or turned a blind eye to the behavior;
>
> **Count 3** – Mr. Hewitt retaliated against Plaintiff for filing grievances against Mrs. Hewitt in violation of the First Amendment when he attacked him on February 24, 2017;
>
> **Count 4** – John Doe #8 was deliberately indifferent to Plaintiff's serious medical needs when she refused to provide medical treatment in the wake of the February 24, 2017 attack and failed to document Plaintiff's symptoms.

**Counts 1 and 2** state claims for use of excessive force. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009); *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

In **Count 1**, Plaintiff has alleged that Mrs. Hewitt choked and punched him the face, not for any valid penological reason, but because she did not like his facial tattoos and wanted to show him that Vandalia employees are tough. This states a claim for excessive force. Likewise, Plaintiff's allegations that Mr. Hewitt and 6 other John Doe officers attacked him because Mr. Hewitt was angry at Plaintiff's comments about his wife also suggest that Plaintiff was beaten

4

without penological justification. Plaintiff has adequately stated a claim that those individuals who personally beat him in **Counts 1 and 2** subjected him to excessive force.

Plaintiff has also adequately stated claims against those who failed to throw any punches, but were otherwise personally involved. In **Count 1**, Plaintiff has alleged that John Doe #1 observed Mrs. Hewitt punching him and choking him but failed to intervene. Bystanders can be liable for excessive force under § 1983 where an officer 1) had reason to know that a fellow-officer was using excessive force in violation of the Constitution; and 2) had a realistic opportunity to intervene. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001). **Count 1** therefore also proceeds against Doe #1.

Similarly, Plaintiff has alleged that he filed a grievance to Johnson regarding the incident and that she failed to adequately investigate it or use her authority to rectify the situation. When an official is alerted to an excessive risk to inmate health or safety through a prisoner's grievances, refusal to exercise the authority of his or her office may demonstrate deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Plaintiff has adequately pleaded that Johnson turned a blind eye to the behavior at issue in **Count 2**, and therefore that claim will also proceed against her.

**Count 3** articulates a viable retaliation claim. To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Here Plaintiff has alleged that he filed grievances regarding Mrs. Hewitt, and that Mr. Hewitt specifically referenced them during the incident that forms the basis for **Count 2**. Filing a non-frivolous grievance constitutes protected First Amendment activity. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Plaintiff has met the first element of the test. Additionally, it is plausible at the pleading stages that the kind of prolonged beating that Plaintiff alleges he experienced would deter protected first amendment conduct in the future. Finally, Plaintiff has affirmatively alleged that his protected conduct was Mr. Hewitt's motivation for acting against him. Plaintiff has adequately stated a First Amendment retaliation claim against Hewitt in **Count 3**.[1]

Finally, Plaintiff has adequately pleaded a deliberate indifference claim against John Doe #8 in **Count 4**. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer*, 511 U.S. at 837 (1994)).

---

[1] Plaintiff also briefly describes an allegedly retaliatory disciplinary report in the Complaint, but as he has not associated any named defendant with this claim or included it in his section describing his legal claims, the Court does not understand Plaintiff to be asking for relief on that basis. Nothing in this Order prevents Plaintiff from raising such a claim in an amended complaint if he so desires.

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff has alleged that he suffered from a beating in which he was punched in the face repeatedly, resulting in unconsciousness, and otherwise kicked about the body. It is plausible that the injuries sustained from such a beating would constitute a serious medical need, and so Plaintiff has satisfied the first element of the test at the pleading stages. Plaintiff has also alleged that, when faced with his injuries, Nurse John Doe #8 refused to treat him and denied that there was anything wrong with Plaintiff. On these facts, Plaintiff has made out a plausible Eighth Amendment claim against Doe #8. **Count 4** will be allowed to proceed.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-4** survive against all Defendants. The Clerk of Court is directed to terminate party "John/Jane Doe" and replace that party with "John Doe #1," "John Doe #2," "John Doe #3," "John Doe #4," "John Doe #5," "John Doe #6," "John Doe #7," and "John Doe #8."

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Hewitt, Hewitt, and Johnson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will

require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 2, 2018**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**