IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1227-MJR-GCS |
| | ) |
| AMY HEWITT, | ) |
| DUSTIN HEWITT, | ) |
| and SARAH JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**REAGAN, Chief Judge:**

This is a prisoner civil rights lawsuit under 42 U.S.C. 1983 filed in November 2017 by Leonard Gordon (Plaintiff), who currently is incarcerated at Centralia Correctional Center but complains of events occurring while he was confined at Vandalia Correctional Center. Plaintiff presents claims of excessive force, deliberate indifference, and retaliation. Surviving threshold review of the complaint were Plaintiff's claims against the three named Defendants and eight "John Doe" Defendants.

The eight John Does were dismissed based on Plaintiff's lack of prosecution on September 11, 2018. See Doc. 29. The three named Defendants (Amy Hewitt, Dustin Hewitt, and Sarah Johnson) answered the complaint and raised the affirmative defense of lack of exhaustion. *See* Doc. 17, p. 9. Now before the Court is a motion for summary judgment filed by two of those Defendants (Amy Hewitt and Sarah Johnson), based on Plaintiff's alleged failure to exhaust administrative remedies before filing this suit.

Defendants assert that Plaintiff failed to completely exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), because he did not forward a grievance about his complaints to the Administrative Review Board (ARB), "other than [regarding] Defendant Dustin Hewitt's use of excessive force" (Doc. 26, p. 1). Supporting the motion was a declaration by Patty Thull of the ARB who confirmed that Plaintiff did not file any grievances with the ARB about Amy Hewitt's alleged actions or Sarah Johnson's alleged complicity in Amy or Dustin Hewitt's use of force (Doc. 27-1).

Lawsuits brought by prisoners are governed by the PLRA, 42 U.S.C 1997e, which requires that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until … administrative remedies as are available are exhausted." **42 U.S.C. 1997e(a).** Exhaustion is a condition precedent to suit in federal court, so the inmate must exhaust before he commences his federal litigation. He cannot exhaust while his lawsuit is pending. *See Perez v. Wisconsin Department of Corr.*, **182 F.3d 532, 535 (7th Cir. 1999);** *Dixon v. Page*, **291 F.3d 485, 488 (7th Cir. 2002).** If the inmate fails to exhaust before filing suit in federal court, the district court must *dismiss* the suit or the claims that were not exhausted. *See Jones v. Bock,* **549 U.S. 199, 223 (2007);** *Burrell v. Powers*, **431 F.3d 282, 284-85 (7th Cir. 2005).**[1]

---

[1] Although *dismissal* is the procedural step the district court takes if a plaintiff failed to exhaust before filing suit, exhaustion most often is raised via summary judgment motion, so that the Court can consider evidence "outside the pleadings," like grievances and related documentation. *See* **FED. R. CIV. P. 12(d).**

Defendants' summary judgment motion was accompanied by a notice under Federal Rule of Civil Procedure 56, warning Plaintiff of the consequences of failing to respond to the motion, including the fact that the Court could consider Defendants' assertions of fact as undisputed, that the Court would take as true any factual assertions in Defendants' documentary evidence unless Plaintiff contradicted them with his own affidavits or documentary evidence, and that the Court may grant judgment on one or more of Plaintiff's claims in favor of Defendants. *See* Doc. 28, pp. 1-3. The Notice (*id.* at p. 3) also set out the deadline for Plaintiff's response, found in Local Rule 7.1 of this District and the fact that, under Rule 7.1, the failure to timely oppose the motion "may, in the Court's discretion, be considered an admission of the merits of the motion."

Plaintiff did not oppose, respond to, or seek an extension of time to respond to the summary judgment motion. On January 17, 2019, the Magistrate Judge assigned to the case (the Honorable Gilbert C. Sison) issued a Report and Recommendation (Doc. 31, R&R). The R&R recommends that the undersigned District Judge grant the summary judgment motion and find that Plaintiff failed to exhaust his administrative remedies as to Defendants Amy Hewitt and Sarah Johnson. That recommendation was based on Plaintiff's lack of response (allowing the Court to deem uncontroverted the facts as presented by Defendants) *and* a careful review of the evidence before the Court (which revealed that Plaintiff did not file a grievance regarding Amy Hewitt's use of excessive force or Sarah Johnson's complicity in the use of excessive force against Plaintiff).

Objections to the R&R had to be filed by February 4, 2019. That deadline has elapsed with neither an objection nor a motion to extend the objection deadline being

filed. Because no objection was lodged against the R&R, the undersigned need not conduct de novo review of the R&R. **28 U.S.C. 636(b)(1)(C) (A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.);** *Thomas v. Arn*, **474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.*, **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

The Court **ADOPTS** Judge Sison's R&R (Doc. 31), **CONCLUDES** that Plaintiff did not exhaust his administrative remedies as to the claims against Amy Hewitt and Sarah Johnson, **GRANTS** the exhaustion-based summary judgment motion (Doc. 26), and **DISMISSES without prejudice** Plaintiff's claims against Amy Hewitt and Sarah Johnson. (Judgment will be entered accordingly at the close of the entire case.) **Remaining are Plaintiff's claims against Defendant Dustin Hewitt.**

IT IS SO ORDERED.

DATED February 7, 2019.

<u>s/ Michael J. Reagan</u>
Michael J. Reagan
United States District Judge